Filed 10/20/25  P. v. Pech CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063340 |
| v. | (Super. Ct. No. 21NF1803) |
| MANUEL JESUS PECH, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Elizabeth G. Macias, Judge. Affirmed.

Boyce & Schaefer and Benjamin Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Kristin Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

Manuel Jesus Pech was convicted of various sex crimes against young women and underage girls. He asserts there was insufficient evidence of duress to support his conviction for sexual penetration by duress. He also contends the prosecutor engaged in misconduct by making several comments during his rebuttal argument that appealed to the jury's passion and prejudice. We reject these arguments and affirm the judgment.

FACTS

Pech worked as a tattoo artist. He did not require his clients to provide identification, so many of them were under the age of 18. Between 2017 and 2021, Pech sexually assaulted a number of young female clients while giving them tattoos. At the time, he was in his late 30s or early 40s and weighed about 250 pounds.

Pech was charged with various sex crimes against multiple girls and women. For example, count 3 alleged that he committed sexual penetration of a child over the age of 14 years by duress, force, or fear.

The victim in count 3 testified that when she was 16 years old, she contacted Pech through Instagram and arranged to have him give her a tattoo on her right thigh. She and a friend went to Pech's apartment for the tattoo, and Pech had her lie down on a massage table with her right leg bent outward. The victim was wearing loose-fitting gym shorts at the time.

About 30 minutes into the session, Pech tried to force the victim's legs open. She tried to close her legs, but he forced them open again. Pech then inserted his fingers into her vagina and left them there for five to ten minutes while completing the tattoo with his other hand. The victim "froze," "got cold," and felt "scared" and "shocked." She did not feel like she could stop him and did not say anything; he had the tattoo needle in his other hand and was still tattooing her.

At the beginning of his closing argument, the prosecutor thanked the jury for their service. He added that "[t]his is a very important case to the victims" and that "the reason you are here [is] for the five victims of the defendant. . . . They put their trust in the defendant, and the defendant violated their trust and sexually assaulted them during the tattoo." The prosecutor then discussed the allegations concerning each victim and the elements of the charges at length.

During his rebuttal the following day, the prosecutor made several related comments that elicited objections from defense counsel. For example, the prosecutor noted that when the jurors received their summons, they likely asked themselves, "Why should I care?," and then added, "Well, the victims in this case, that's why you should care." Defense counsel objected to the statement as appealing to the jury's passion and prejudice, and the trial court cautioned the prosecutor to be cautious going forward. The prosecutor then reminded the jury about the seriousness of the case and that each juror demonstrated a commitment to justice.

Next, the prosecutor observed that getting a tattoo when underage may not be "a good idea," "[b]ut it was these victims' imperfections that made them vulnerable," "the defendant knew that," and the purpose of the law is to protect those that are the most vulnerable. Defense counsel again objected to these statements but was overruled.

The jury found Pech guilty of five sex offenses against four women; it also found the victims were particularly vulnerable and that Pech violated a position of trust or confidence, among other findings. (See Cal. Rules of Court, rule 4.421(a)(3) & (11) [circumstances in aggravation include that victim was particularly vulnerable and defendant took advantage of position of trust or confidence to commit offense].)

3

DISCUSSION

I.

THERE WAS SUBSTANTIAL EVIDENCE

PECH SEXUALLY PENETRATED HIS VICTIM BY DURESS

Pech first contends there is insufficient evidence he committed sexual penetration of a child over the age of 14 years by duress (count 3).[1]

In determining the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Perez-Robles* (2023) 95 Cal.App.5th 222, 226.) A single witness's uncorroborated testimony may be sufficient. (*Ibid.*)

Pech contends there was insufficient evidence of duress to support count 3 because he was not a family member of or authority figure to the victim; the victim's friend was present; the victim had her cell phone with her; and Pech did not do anything to induce fear or impliedly threaten the victim. We are not persuaded.

Duress, by its nature, involves psychological coercion of the victim, and the defendant's position of authority is a relevant factor. (*People v. Townes* (2025) 108 Cal.App.5th 603, 612 (*Townes*).) The jury here was instructed to "consider all the circumstances [relevant to duress], including the age of the other person and her relationship to the defendant." (CALCRIM No. 1045.) Other relevant circumstances include the victim's age,

_____

[1] Count 3 alleged sexual penetration of a minor who is 14 or older by force, violence, duress, menace, or fear. (Pen. Code, § 289, subd. (a)(1)(C).) As there was no evidence of force, the prosecutor argued the act was accomplished by duress.

whether the defendant physically controlled the victim when she attempted to resist, and the relative physical vulnerability of the child. (*People v. Thomas* (2017) 15 Cal.App.5th 1063, 1072.) The fact the defendant did not use force or threats does not preclude a finding of duress. (*Ibid.*)

Considering all relevant circumstances here, we find ample evidence of duress. The 16-year-old victim was lying on her back in the defendant's apartment while being illegally tattooed by a 250-pound man more than twice her age, who was holding a tattoo needle to her upper thigh and actively tattooing her leg while he forced her legs open and digitally penetrated her with his other hand. She testified she was "scared" and "shocked" when it happened and did not feel like she could stop him. A reasonable jury could find she submitted to the penetration because she reasonably feared what would happen if she resisted, and Pech thus accomplished the penetration by means of fear or duress. (Cf. *Townes, supra,* 108 Cal.App.5th at p. 613 [defendant used duress against his 16-year-old daughter by directly and impliedly threatening retribution from God if she disobeyed his requests to engage in sexual intercourse with him].)

II.

THE PROSECUTOR'S COMMENTS DURING REBUTTAL

DID NOT CONSTITUTE PROSECUTORIAL MISCONDUCT

Pech next contends the trial court prejudicially erred by permitting the prosecutor to argue the jury should "'protect the most vulnerable'" (boldface omitted), thereby appealing to the jury's passions and depriving Pech of due process. Again, we disagree.

A prosecutor may make vigorous arguments as warranted by the evidence, as long as those arguments are not inflammatory or principally aimed at arousing the jury's passion or prejudice. (*People v. Rivera* (2019) 7

5

Cal.5th 306, 337 (*Rivera*).) It is improper for the prosecutor to make arguments suggesting that emotion may reign over reason, or to use inflammatory rhetoric inviting an irrational, purely subjective response. (*People v. Covarrubias* (2016) 1 Cal.5th 838, 894 (*Covarrubias*).) "'[P]rosecutors may not urge jurors to convict a criminal defendant in order to protect community values, preserve civil order, or deter future lawbreaking. The evil lurking in such prosecutorial appeals is that the defendant will be convicted for reasons wholly irrelevant to his own guilt or innocence.'" (*United States v. Sanchez* (9th Cir. 2011) 659 F.3d 1252, 1256.)

In evaluating the propriety of a prosecutor's comments, "[w]e consider the assertedly improper remarks in the context of the argument as a whole." (*Covarrubias*, *supra*, 1 Cal.5th at p. 894.) Viewing the challenged comments in context, we find no misconduct here.

The prosecutor's comments about why the jurors should care about the case simply reminded them about the importance of their civic duty. (See *Rivera*, *supra*, 7 Cal.5th at p. 337 ["The prosecutor's statement merely reminded the jurors about the importance of the civic duty in which they were engaged. It did not ask the jury to act on the basis of fear or to decide the case in a particular way in light of that duty."].)

Similarly, we see no problem with the prosecutor's comments that the victims were underage and vulnerable and that the law is meant to protect the most vulnerable. These comments came at the end of rebuttal, following a lengthy discussion about the elements required to prove guilt and the evidence particular to each victim. Viewing the argument in its entirety, the statements were permissible argument on whether Pech violated any laws. "There was nothing in the prosecution's remarks that urged the jurors

to act on their passions or prejudice." (*Covarrubias*, *supra*, 1 Cal.5th at p. 895.)

Assuming arguendo the prosecutor's remarks were improper, they were not prejudicial. The jury was instructed that counsel's statements are not evidence and it is the jury's duty to determine the facts based on the evidence; they are presumed to have followed those instructions. (*People v. Hovarter* (2008) 44 Cal.4th 983, 1005.) Moreover, the evidence against Pech was overwhelming; six women testified to being sexually assaulted by Pech over the course of four years as he was giving them tattoos. On this record, "it is not reasonably probable that the verdict would have been more favorable to defendant without the [alleged] misconduct." (*People v. Martinez* (2010) 47 Cal.4th 911, 957 [alleged prosecutorial misconduct during closing argument was harmless because comments were "relatively brief" and evidence against defendant "was very strong and generally uncontradicted"].)

Pech asserts the improper comments were particularly prejudicial because they came at the end of the rebuttal, citing *Crotts v. Smith* (9th Cir. 1996) 73 F.3d 861, 867 [presentation of prejudicial evidence at end of trial "only magnified the prejudicial effect"]. We disagree. Taken in context, the statements at issue were only a small part of a lengthy discussion about the required elements and burdens, and they kept with the theme that the jurors were selected because they are committed to justice. There is no reasonable probability any juror misunderstood the comments as urging them to act on their passions.

DISPOSITION

The judgment is affirmed.


                                                  SCOTT, J.

WE CONCUR:


MOORE, ACTING P. J.


GOODING, J.